# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 86cr779-MMA |
|---|---|
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION FOR IMMEDIATE RELEASE AND/OR REDUCTION OF SENTENCE** |
| v. | |
| JUAN TOBON, | |
| Defendant. | |
| | [Doc. No. 46] |

On January 12, 1987, Defendant Juan Tobon was convicted of possession of cocaine with intent to distribute, in violation of Title 21, United States Code, section 841(a)(1). *See* Doc. No. 23. The Court sentenced Defendant to a suspended sentence of twelve years imprisonment, and a five-year term of probation. *Id*. On May 11, 1990, Defendant was convicted in the Middle District of Florida of conspiracy to defraud the Internal Revenue Service and money laundering, and sentenced to a term of 87 months imprisonment. *See* Doc. No. 46, Ex. 3. On September 17, 1990, this Court revoked Defendant's probation based on the Florida conviction, and sentenced Defendant to the remainder of the twelve-year term of imprisonment to run concurrently with the sentence imposed by the Florida court. *See* Doc. No. 33. In October 1992, Defendant escaped from a federal prison camp in Alabama, and absconded to Colombia. *See* Doc. No. 46 at

2. On March 20, 2013, authorities arrested Defendant en route to Medellin, Colombia, at Jorge Chavez International Airport in Lima, Peru. *See id.*, Ex. 4. Defendant served 39 months and 17 days in a Peruvian prison while awaiting extradition to answer the pending escape charge in the United States. *See id.* at 3. Defendant was eventually extradited to the Middle District of Alabama. Defendant pleaded guilty to escaping from a federal prison camp and received a sentence of twelve months plus one day, to run consecutively to his California and Florida sentences. *See id.*, Ex. 6.

Defendant now moves for immediate release from custody. *See id.* Defendant claims that the Bureau of Prisons has failed to award him credit for the time he served in custody in Peru, in contravention of the judgment of the Alabama court. Defendant also requests a reduction of his term of imprisonment pursuant to Title 18, section 3582(c), based on Amendment 782 to the United States Sentencing Guidelines. Defendant asserts that based on these corrections and reductions, he has served his complete term of imprisonment and must be released. For the reasons set forth below, the Court **DENIES** Defendant's motion.

## DISCUSSION

Amendment 782 to the United States Sentencing Guidelines, which became effective November 1, 2014, lowered the penalties for certain drug offenses by reducing most base offense levels contained in the USSG § 2D1.1 Drug Quantity table by two levels, and making other related adjustments to this Guideline. Along with Amendment 782, the Sentencing Commission adopted Amendment 788, which decreed that Amendment 782 may be applied retroactively to lower the sentences of previously sentenced inmates.

A district court may reduce the sentence of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). However, a reduction is not authorized under Section 3582(c)(2) if the

2

86cr779-MMA

change to the Sentencing Guidelines "does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. Manual § 1B1.10(a)(2)(B) & cmt. n.1(A).

Here, the Court lacks the authority under Section 3582(c) to reduce Defendant's sentence because he was not sentenced under the Guidelines. The Sentencing Guidelines apply only to offenses committed after November 1, 1987, and therefore do not affect a district court's sentencing for offenses committed before that date. *See United States v. Scarano*, 76 F.3d 1471, 1478 (9th Cir. 1996). Because Defendant committed his offenses in this case in 1985, he was not sentenced under the Guidelines, which had not yet been formulated and promulgated.[1] As such, neither the Guidelines, nor any amendments thereto, are applicable to his case. *See id.*

With respect to credit for Defendant's time served in Peruvian custody, the general rule is that the Bureau of Prisons has the authority to determine if a defendant is eligible for credit for time served in the custody prior to sentencing. *United States v. Wilson*, 503 U.S. 329, 335 (1992). Only after a defendant has exhausted his remedies through the Bureau of Prisons may he seek judicial review of the Bureau's calculation of the creditable time under 18 U.S.C. § 3585(b). *Id.* It is unclear whether Defendant has exhausted his remedies, but regardless, the instant motion is not the proper vehicle for relief and this is not the proper venue. A defendant seeking review of the Bureau's calculation must file a petition pursuant to 28 U.S.C. § 2241. *See United States v. Giddings*, 740 F.2d 770, 771-72 (9th Cir. 1984). Any such petition must be filed in the

---

[1] For offenses committed prior to the enactment of the Sentencing Guidelines, a court had wide discretion in determining what sentence to impose, so long as the sentence fell within any applicable statutory limits. *See United States v. Miller*, 650 F.2d 169, 170 (9th Cir. 1980). In this case, the Court sentenced Defendant within the statutory limits applicable at the time. *See* 21 U.S.C. § 841(b)(1)(B)(ii) ("such person shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years") (effective until Oct. 2, 1986).

3

district of Defendant's confinement, which currently appears to be the Southern District of Georgia.[2] *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484 (1973).

## CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant's motion for immediate release and/or a reduction of his sentence.

**IT IS SO ORDERED**.

DATE: August 22, 2017

HON. MICHAEL M. ANELLO
United States District Judge

---

[2] Moreover, the Court notes that the Alabama sentencing court ordered Defendant to receive credit for time served in Peruvian custody towards his federal sentence on the escape conviction. Any such credit would not reduce his time in custody on the California and Florida sentences, which Defendant is serving consecutively to his Alabama sentence.